

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-2898
Re: Are those operators whose licenses were automatically cancelled by the local option entitled to a refund for their unexpired term, and, if so, are they refunded out of the general fund of the county?

Your recent request for an opinion of this Department on the above stated question has been received.

We quote from your letter as follows:

"Some few months ago we had an election in our County as to whether or not beer could be sold and the vote determining the election was that beer could not be sold. In this County we have been selling beer and the places that sold beer, of course, had licenses to do so.

"What I would like to know now is: Are those operators whose licenses were automatically cancelled by the election entitled to a refund for their unexpired term and if so are they refunded out of the general fund of the County?"

Honorable E. Y. Cunningham, Page 2

Article 667-3, Vernon's Annotated Penal Code, sets forth the amount of the annual license fees required for the various licenses named therein.

Paragraph g of Article 667-3, supra, provides:

"The commissioners' court in each county of this State shall have the power, except as herein otherwise provided as to temporary license, to levy and collect from every person licensed hereunder in said county a license fee equal to one-half of the State fee; and any incorporated city or town wherein the licensee is domiciled shall have the power to levy and collect a license fee not to exceed one-half of the State fee, but no other fee or tax shall be levied by either. Nothing herein contained shall be construed as preventing the levying, assessing, and collecting of general ad valorem taxes on the property of any person licensed to sell beer."

Article 667-18, Vernon's Annotated Penal Code, reads as follows:

"In all cases where any person pursuing the occupation of selling beer, as herein defined, under license issued in accordance with the laws of this State, has been or shall hereafter be prevented from pursuing such occupation for the full time to which he would be otherwise entitled, by reason of the adoption of local option in any county or subdivision thereof, the proportionate amount of license fees paid by him covering the unexpired term shall be refunded to him. So much of the proceeds so derived under the provisions of this Article as may be necessary, not to exceed two (2) per cent thereof, are hereby appropriated for that purpose."

For the purposes of this opinion we assume that the commissioners' court in Navarro County levied and collected from every person licensed in said county a license fee not exceeding one-half of the State fee and that such licensees are now prevented from pursuing such occupation for the full time to which they would be otherwise entitled, by reason of the adoption of local option in said county.

Honorable E. Y. Cunningham, Page 3

In view of Article 667-18, supra, it is our opinion that the licensees who have been prevented from pursuing their occupation for the full time to which they would be otherwise entitled, by reason of the adoption of local option in said county, are entitled to have refunded to them the proportionate amount of license fee levied and collected by the county covering the unexpired term. The refund should be made out of the fund in which the license fees were originally placed.

With reference to the refund of license fees paid to the State, your attention is directed to Opinion No. O-1406 which holds in effect that there has been no specific appropriation made by the Forty-sixth Legislature for the refund of said fees paid to the State for this bi-ennium. We are enclosing a copy of this opinion for your information.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:BRB

ENCLOSURE

APPROVED DEC 19, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

